Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6448 | **DATE** | 11/18/2011 |
| **CASE TITLE** | Tyrell Bellmon (#2011-0120226) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

The Court finds that Plaintiff has failed to adequately show cause and that this matter is untimely. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

Docketing to mail notices.
*Mail AO 450 form.

■ [For further details see text below.]

## STATEMENT

Plaintiff, Tyrell Bellmon, presently in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against City of Chicago and City of Chicago Police Officers Ronald Schmuch Patricia Dwyer for alleged violations of the plaintiff's constitutional rights in connection with the June 2009, warrantless seizure of D.N.A. material. Plaintiff alleges he in June of 2009, Chicago Police Officers came to visit him at Big Muddy Correctional Center and told him that according to the D.N.A. sample they had in the state's data base, he was a possible match as a suspect in a crime investigation. The Officers asked him to supply an additional D.N.A. sample because the present D.N.A. sample had proved inconclusive. When Plaintiff refused to provide the sample, the Officers allegedly threatened Plaintiff with postponement or cancellation of his imminent parole date. Plaintiff alleges that his D.N.A. was seized without a warrant.

On October 7, 2011, the Court ordered Plaintiff to show cause why this case should not be dismissed as untimely. Plaintiff responded on October 21, 2011 with correspondence indicating that he had been unable to pursue his claims sooner because of his level of education, ignorance of the law, and mental health issues.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

On the face of Plaintiff's complaint, his claims are time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, it may be the grounds for a preliminary dismissal of a claim, if it is plain from the face of the complaint that the claim is untimely). Plaintiff's unlawful search and seizure claim accrued on June 26, 2009, when the Officers allegedly unlawfully seized his D.N.A.; once the unlawful search occurred, Plaintiff had a complete and present cause of action. *see* also *Wallace v. Kato*, 549 U.S. 384 at 388 (1984). His cause of action is governed by Illinois' two-year statute of limitations, which applies to § 1983 actions arising from injuries alleged to have been suffered in Illinois. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Plaintiff filed his Complaint on September 15, 2011, more than two years after the accrual of his unlawful search and seizure claim.
**(CONTINUED)**

AWL

| STATEMENT |
|---|

However, Plaintiff, in response to the Court's order to show cause, argues that he was unable to pursue his claims in a timely fashion because he has a learning disability, is ignorant of the law, and at some unspecified point was placed in a mental institution. In essence, he is arguing that because of his disabilities, the statute should be equitably tolled.

Equitable tolling permits a plaintiff to avoid the statute of limitations bar if, despite the exercise of all due diligence, he was unable to file his claim in a timely fashion. *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Williams v. Buss*, 538 F.3d 683, 685 (7th Cir, 2008). Equitable tolling is granted sparingly. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Under applicable precedent, Illinois tolling doctrines are incorporated into the two-year statute of limitations period that is borrowed for purposes of the Section 1983 claims. *See, e.g., Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("Because the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application, federal courts must also borrow the state's tolling rules-including any equitable tolling doctrines.") (internal quotation marks, punctuation and citation omitted); *accord, e.g., id.* (analyzing a statute of limitations argument relating to the plaintiff's Section 1983 claim under 735 ILCS 5/13-216, the "relevant tolling statute"); *Smith v. City of Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992).

Plaintiff alleges that the limitations period should be tolled because he has a learning disability. The Illinois legislature has provided for tolling of the statute of limitations when a potential plaintiff is under a legal disability at the time a cause of action accrues. *See* 735 ILCS 5/13-211 (2006); *accord, e.g., Parks v. Kownacki*, 193 Ill. 2d 164, 737 N.E.2d 287, 295, 249 Ill. Dec. 897 (Ill. 2000) ("When a potential plaintiff has a legal disability, the statute of limitations is tolled until the plaintiff is no longer disabled.") (*citing* 735 ILCS 5/13-211 (1998)). The individual thereafter has two years to bring his or her action after the legal disability is removed. *See* 735 ILCS 5/13-211.

Illinois precedent teaches that "[a] person suffers from a legal disability where he or she is entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his or her estate or financial affairs." *Basham v. Hunt*, 332 Ill. App. 3d 980, 773 N.E.2d 1213, 1221, 266 Ill. Dec. 143 (Ill. App. Ct. 2002) (internal quotation marks, punctuation and citation omitted); *accord, e.g., Dugan v. Washington*, 2000 U.S. Dist. LEXIS 6033, No. 99 C 4382, 2000 WL 336554, at *4 (N.D. Ill. Mar. 28, 2000) (Zagel, J.) (*citing Estate of Riha v. Christ Hospital*, 187 Ill. App. 3d 752, 544 N.E.2d 403, 135 Ill. Dec. 907 (Ill. App. Ct. 1989)). In a personal injury case, a person is not legally disabled if he or she can comprehend the nature of the injury and its implications. *See Doe v. Catholic Archbishop (In re Doe)*, 301 Ill. App. 3d 123, 703 N.E.2d 413, 414, 234 Ill. Dec. 552 (Ill. App. Ct. 1998) (citation omitted). A review of the precedent in this area makes clear that the standard for tolling based on a legal disability is a "stringent test." *Dikcis v. Indopco, Inc.*, 1997 U.S. Dist. LEXIS 5276, No. 96 C 5526, 1997 WL 211218, at *9 (N.D. Ill. Apr. 18, 1997) (Castillo, J.) (discussing the "exacting" standard for establishing a legal disability set forth in *Sille v. McCann Constr. Specialties Co.*, 265 Ill. App. 3d 1051, 638 N.E.2d 676, 679, 202 Ill. Dec. 808 (Ill. App. Ct. 1994)). Plaintiff alleges a learning disability, not the kind of disability contemplated under Illinois law as a "legal disability" for purposes of justifying equitable tolling. Under Plaintiff's complaint and his response to the order to show cause, Plaintiff has not pled a "legal disability", and in fact both pleadings are written in such a way that it is clear that Plaintiff has an understanding of what the Court requires, clearly demonstrating that his learning disability has not rendered him "legally disabled". Consequently, Plaintiff's learning disability does not justify equitable tolling.

Additionally, the Seventh Circuit has repeatedly held that similar claims regarding ignorance of the law do not justify equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Further, mental illness equitably tolls a statute of limitations "only if the illness in fact
**(CONTINUED)**

## STATEMENT

prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *United States v. Moorehead,* 321 Fed. Appx. 512, 514 (7th Cir. 2009) (unpublished), *citing Miller v. Runyon*, 77 F.3d 177, 191 (7th Cir. 1996). Plaintiff makes no such claim with respect to any mental illness. He merely states that, "I've been submitted into Hardgrove Mental Institution." *see* ECF Doc #5. As Plaintiff has not indicated the required extraordinary circumstances justifying equitable tolling, the Court finds that Plaintiff's complaint is untimely, and must be dismissed.

For the reasons contained in this order, the Court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).